IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Chickasaw Community Bank F/K/A Bank2,<br><br>**Plaintiff,**<br>v.<br><br>JEREMY LADUCER, KHARA LEIGH LADUCER, STATE OF NORTH DAKOTA acting by and through the DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT DIVISION, U.S. DEPARTMENT OF JUSTICE, and UNITED STATES acting by and through the INTERNAL REVENUE SERVICE,<br><br>**Defendants.** | CASE NO. |

COMPLAINT FOR JUDICIAL FORECLOSURE

Plaintiff, by and through its attorney of record, Zachary Nesbit, of Halliday, Watkins & Mann, P.C. hereby files this Complaint for a Judicial Foreclosure and alleges as follows:

**JURISDICTION & VENUE**

Jurisdiction by this court is proper pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

Venue is proper because the property made the basis of this action is located on the Turtle Mountain Indian Reservation, which is situated within the borders of Rolette County, North Dakota.

## PARTIES AND FACTS

1. Plaintiff, Chickasaw Community Bank F/K/A Bank2., is a corporation organized under the laws of the State of Oklahoma with its principal place of business in Oklahoma.

2. Defendant, Jeremy Laducer, is an individual residing in the Turtle Mountain Reservation, and is also a citizen of the State of North Dakota.

3. Defendant, Khara Leigh Laducer, is an individual residing in the Turtle Mountain Reservation, and is also a citizen of the State of North Dakota.

4. The State of North Dakota acting by and the Department of Human Services, Child Support Division, is a political subdivision of the State of South Dakota with its principal office located Bismarck, North Dakota.

5. The Internal Revenue Service is a governmental agency formed pursuant to the authority granted by 28 U.S.C. § 7801.

6. Defendants "any person in possession" are persons or entities unknown, claiming an estate or interest in, or lien, or encumbrance upon, the Property, who are unknown at the time of the commencement of this action.

7. Defendants "John Doe's" are persons or entities unknown, claiming an estate or interest in, or lien, or encumbrance upon, the Property, who are unknown at the time of the commencement of this action, but whose names will be substituted upon discovery.

8. On or about January 20, 2016, Defendants Jeremy Laducer and Khara Leigh Laducer executed and delivered to Bank2, an Oklahoma Banking Corporation, its successors and assigns, a promissory note in the original principal amount of $248,675.00 (the "Note").  A copy of the Note is attached as Exhibit "A" and made a part hereof.

9. To secure payment of the Note, Defendants, Jeremy Laducer and Khara Leigh Laducer as the mortgagors, executed and delivered to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for Bank2, an Oklahoma Banking Corporation, its successors and assigns, as the mortgagee, a mortgage, bearing the same date as the Note (the "Mortgage") encumbering a leasehold estate on real property situated in the Turtle Mountain Indian Reservation with an address of 814 Chief Little Shell Street, Belcourt, ND 58316 (the "Property"), and is more particularly described as follows:

> The South 100 feet of Lot 17, in the Subdivision of the Southwest Quarter of the Southeast Quarter (SW1/4SE1/4) of Section Twenty (20), Township 162 North, Range 70 West;
> and
> The South 100 feet of Lot 58, in the Subdivision of the Southeast Quarter of the Southeast Quarter (SE1/4SE1/4) of Section Twenty (20), Township 162 North, Range 70 West.
>
> MORE CORRECTLY DESCRIBED AS FOLLOWS:
>
> The South 100 feet of Lot 17, in the Subdivision of the Southwest Quarter of the Southeast Quarter (SW1/4SE1/4) of Section Twenty (20), Township 162 North, Range 70 West of the Fifth Principal Meridian, City of Belcourt, Rolette County, North Dakota;
> and
> The South 100 feet of Lot 58, in the Subdivision of the Southeast Quarter of the Southeast Quarter (SE1/4SE1/4) of Section Twenty (20), Township 162 North, Range 70 West of the Fifth Principal Meridian, City of Belcourt, Rolette County, North Dakota.
> Parcel ID: 02-0000-02187-150, 02-0000-02287-150

10. Plaintiff is the current holder of the Note and beneficial interest under the Mortgage. The Mortgage was recorded with the Rolette County Recorder on January 26, 2016, as Document Number 65053. A copy of the Mortgage is attached as Exhibit "B" and made a part hereof.

11. On or about February 1, 2019, Mortgage Electronic Registration Systems, Inc., as

Mortgagee, as nominee for Bank2, its successors and assigns, executed an Assignment of Mortgage and provided evidence that the interests under the Mortgage had been assigned to the Bank2. A copy of the Assignment of Mortgage is attached as Exhibit "C" and made a part hereof. The Assignment of Mortgage has been recorded with the Rolette County Recorder on February 5, 2019, as Document Number 67931.

12. A copy of the title report (including any updates) relied upon and used in the preparation of this complaint is attached hereto as Exhibit "D" and made a part hereof. The estates, liens, encumbrances, and other claims or interests of Defendants include but are not limited to, those disclosed by said report.

13. The Note and Mortgage, among other things, require the mortgagors to pay monthly payments of principal and interest, property taxes and assessments, insurance premiums, late charges, and attorney's fees. The Note and Mortgage also contain a power of sale, the right to accelerate the amounts secured by the Note and Mortgage and the right to foreclose on the Property after default, and for the collection of all amounts owing and/or advanced under the Note and Mortgage as well as the costs and expenses of foreclosure and any sums reasonably expended by Plaintiff for the protection and preservation of the Property not otherwise prohibited by the laws of the tribe.

14. Defendants, Jeremy Laducer and Khara Leigh Laducer have failed to remit one or more monthly payments required by the Note and Mortgage and are in default thereunder.

15. The notice of intent to foreclose as required by the terms of the Note and Mortgage were mailed to the mortgagors, Khara Leigh Laducer and Jeremy Laducer dated August 14, 2018. Copies of the notices are attached as Exhibit "E" and made a part

hereof.

16. Plaintiff has elected to accelerate the payments due under the Note and Mortgage and does hereby declare the entire unpaid principal balance and interest, as well as any advances for real estate taxes, assessments and insurance premiums, late charges, attorney's fees and other charges, costs, and expenses to be immediately due and payable as follows:

| | |
|---|---|
| Unpaid Principal Balance | $237,720.80 |
| Interest to 8/23/2024 | $64,761.93 |
| Escrow Balance | $25,407.81 |
| Unpaid Late Charges | $388.20 |
| Recoverable Balance | $5,453.95 |
| Fees | $625.00 |
| Total Amount Due | $334,357.69 |

17. Interest will accrue at $28.49 per day hereafter on the unpaid principal balance until paid, plus any additional advances, charges, costs, and expenses, including attorney's fees, incurred by Plaintiff during this action through the date of the final Order.

18. No other proceedings at law or otherwise for recovery of the debt secured by the Note and Mortgage are pending.

19. Plaintiff has complied with all relevant requirements and conditions prescribed in the Initiative, the VA program or any other program authorized by federal law, the agreements between parties and the Lease have been complied with by the Mortgagee or its successors or assigns.

20. Any, and all claims, liens, and interests of Defendants with respect to the Property are junior, inferior, and subordinate to the lien of Plaintiff's Mortgage.

21. Plaintiff has employed the assistance of an attorney to commence and prosecute

this action and is entitled to include its attorney's fees incurred as part of the judgment herein in accordance with the terms of the Note and Mortgage.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court grant a foreclosure judgment for the amounts owing under the Note and Mortgage in the sum principal of $334,357.69, plus accruing interest and costs through the date of the final Order.

2. That Plaintiff's Mortgage is a valid and lawful mortgage lien against the Property, that the estates, liens, encumbrances and other claims or interests of Defendants in and to the Property, and of all persons claiming by, from, through or under the Defendants, are junior, inferior, and subordinate to the lien of Plaintiff's Mortgage, and that Plaintiff's Mortgage is in all respects superior and paramount thereto and that all such interests should be extinguished by the foreclosure.

3. That an Assignment of Lease be executed by the Court in favor of the Mortgagee or the Mortgagee's assignee.

4.  That Plaintiff's reasonable attorney's fees and other costs and expenses be included in the judgment in accordance with the terms of the Note and Mortgage.

Date: September 16, 2024,

                Halliday, Watkins & Mann, P.C.

                By /s/ Zachary Nesbit
                Zachary Nesbit or Tyler Wirick
                Attorneys for Plaintiff
                376 East 400 South, Suite 300
                Salt Lake City, UT 84111
                Tel: 801-355-2886
                Fax: 801-328-9714
                Email:zach@hwmlawfirm.com;
                tyler@hwmlawfirm.com
                HWM: ND10220